UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV-13-09174-MWF (VKBx)**          **Date:  March 17, 2014**

Title:     Mark Roberti -*v*- OSI Systems, Inc., et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING PLAINTIFF ARKANSAS
STATE HIGHWAY EMPLOYEES RETIREMENT
SYSTEM'S MOTION FOR APPOINTMENT OF
COUNSEL AND APPOINTMENT AS LEAD
PLAINTIFF AND DENYING PLAINTIFF
MINNEAPOLIS FOOD DISTRIBUTION
INDUSTRY PENSION PLAN, OPERATING
ENGINEERS CONSTRUCTION INDUSTRY AND
MISCELLANEOUS PENSION FUND'S MOTION
FOR APPOINTMENT OF COUNSEL AND
APPOINTMENT AS LEAD PLAINTIFF [16][17]

        This matter is before the Court on the Motion for Appointment of Counsel and
Appointment as Lead Plaintiff ("Motion A"), filed by Plaintiff Arkansas State
Highway Employees Retirement System ("ASHERS"), on February 10, 2014 (Docket
No. 16), and the Motion for Appointment of Counsel and Appointment as Lead
Plaintiff ("Motion B"), filed by Plaintiffs Minneapolis Food Distribution Industry
Pension Plan, Operating Engineers Construction Industry and Miscellaneous Pension
Fund (the "Pension Plans"), on February 10, 2014 (Docket No. 17).  The Court has
reviewed and considered the papers, and held a hearing on March 17, 2014.  For the
reasons stated below, Motion A is **GRANTED** and Motion B is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-13-09174-MWF (VKBx)**          **Date:  March 17, 2014**

Title:      Mark Roberti -*v*- OSI Systems, Inc., et al.

## Background

On December 12, 2013, Plaintiff Mark Roberti initiated this class action suit, individually and on behalf of all other persons similarly situated (the "Putative Class"), by filing a Complaint in this Court alleging claims under the Securities Exchange Act of 1934 (the "Exchange Act") against Defendants OSI Systems, Inc. ("OSI Systems"), Deepak Chopra, and Alan I. Edrick (collectively the "Defendants").  (Docket No. 1).  Mr. Roberti alleges that between January 24, 2013 and December 6, 2013 (the "Class Period"), all persons who purchased or otherwise acquired OSI Systems securities were damaged by Defendants' materially false and misleading statements regarding OSI Systems's business, operational and compliance policies.  (*Id*.).  Mr. Roberti further alleges that Defendants' conduct caused a decline in the market value of OSI Systems's securities and that the decline in value caused significant losses and damage. (*Id*. ¶¶ 5-13).

On February 10, 2014, three movants filed motions to be appointed lead plaintiff in this action.  Those movants are: Plaintiff Eugene Ng (Docket No. 12), Plaintiff ASHERS (Motion A) (Docket No. 16), and Plaintiffs the Pension Plans (Motion B) (Docket No. 17).

Then, on February 24, 2014, the Pension Plans filed a Notice of Non-Opposition to ASHERS's Motion A.  (Docket No. 27).  On the next day Eugene Ng filed a Notice of Withdrawal of Motion for his motion for appointment as lead plaintiff.  (Docket No. 31).  These Notices stated that the Pension Plans and Mr. Ng each supported ASHERS's application to be lead plaintiff, but each remained willing to serve as lead plaintiff if ASHERS was incapable.

## Motion for Appointment of Lead Plaintiff

The Private Securities Litigation Reform Act (the "PSLRA") sets forth the requirements of securities class actions brought pursuant to Federal Rules of Civil Procedure.  15 U.S.C. § 77z-1 *et seq*.  In particular, 15 U.S.C. § 78u-4(a)(3) outlines the statutory requirements for a district court's appointment of lead plaintiff.  "The Act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-09174-MWF (VKBx)          Date:  March 17, 2014

Title:       Mark Roberti -*v*- OSI Systems, Inc., et al.

instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

"The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."  *Id*.  The Court should follow a "three-step process for identifying the lead plaintiff pursuant to these criteria."  *Id*.

*First*, the PSLRA sets forth a notice requirement that the first plaintiff to file the lawsuit must provide notice of the lawsuit, including notice that "any member of the purported class may move the court to serve as lead plaintiff of the purported class."  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  The second step requires the Court to consider any motion made by a class member in response to the notice requirement when appointing "as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When making this determination, the Court must "adopt the presumption that the most adequate plaintiff . . . has the largest financial interest in the relief sought by the class . . . and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Court also looks to ensure that the plaintiff with the greatest financial interest in the relief sought meets the "typicality" and "adequacy" requirements of Rule 23(a).  *Cavanaugh*, 306 F.3d at 730.  Under *Cavanaugh*, the third step requires the Court "to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfied Rule 23's typicality and adequacy requirements."  *Id*.  A court's determination of a presumptive lead plaintiff may only be disputed by other plaintiffs through the presentation of evidence challenging the presumptive lead plaintiff's showing of typicality and adequacy.

Here, the first requirement under the PSLRA is satisfied.  On December 12, 2013, pendency of this action was published in the *Globe Newswire*, alerting potential members of the putative class of the deadline to move the Court to consider them lead

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV-13-09174-MWF (VKBx)**          **Date:  March 17, 2014**

Title:        Mark Roberti -*v*- OSI Systems, Inc., et al.

plaintiff.  (Declaration of Blair A. Nicholas Ex. C (the "Nicholas Declaration")
(Docket No. 16-1)).


*Second*, considering the motions made in response to the notice requirement, the
Court must determine which movant is the "most adequate plaintiff."  *Cavanaugh*, 306
F.3d at 729-30.  The initial consideration is the financial interest that each movant has
in the lawsuit.  Specifically, a court must determine which plaintiff has the largest
financial interest.  ASHERS has demonstrated that its losses potentially amount to
approximately $433,000, the largest among the moving parties.  (Nicholas Decl. Ex.
B).  Moreover, the other moving plaintiffs contend that ASHERS has the largest
financial interest and do not oppose ASHERS appointment as lead plaintiff.  (Docket
Nos. 27, 31).  Since ASHERS is the movant with the largest financial interest in this
lawsuit, the Court's crucial inquiry is whether ASHERS satisfies the "typicality" and
"adequacy" requirements under Federal Rule of Civil Procedure 23.  *See* 15 U.S.C. §
78u-4(a)(3)(B)(iii)(I)(cc).


 "So long as the plaintiff with the largest losses satisfies the typicality and
adequacy requirements, he is entitled to lead plaintiff status . . . ."  *Cavanaugh*, 306
F.3d at 732.  The movant with the largest financial interest only needs to make a prima
facie showing that it satisfies Rule 23 to be the presumptive lead plaintiff.  *Id*. at 739.
Rule 23(a) requires that the movant's claims be "typical of the claims or defenses of
the class" and that the movant "will fairly and adequately protect the interests of the
class."  *See* Fed. R. Civ. P. 23.


To make a prima facie showing of typicality, a moving plaintiff should establish
that its claims are similar to all class members.  *See Tanne v. Autobytel, Inc.*, 226
F.R.D. 659, 667 (C.D. Cal. 2005) (explaining that only a preliminary showing is
needed for appointment of a lead plaintiff because a wide ranging analysis will take
place during the class certification process).  A prima facie showing of typicality does
not require that the claims of the movant be nearly identical to those of the class.  *Id*.


Here, ASHERS's claims easily meet the typicality requirement.  ASHERS's
claims are nearly identical to those of all Putative Class members and rely on the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV-13-09174-MWF (VKBx)**          Date:  **March 17, 2014**

Title:       Mark Roberti -*v*- OSI Systems, Inc., et al.

legal arguments.  (Docket No. 16 at 8).   Specifically, like all Putative Class members, ASHERS purchased OSI Systems securities during the class period and was allegedly damaged by Defendants' alleged materially false and misleading statements.  (*Id.*).

Rule 23(a) also requires that the movant be able to "fairly and adequately protect the interests" of all class members.  Fed. R. Civ. P. 23(a)(4).  A court should inquire about the movant's interests in the outcome of the case and their willingness to vigorously represent the class's claims to determine if is a preliminary showing of adequacy.  *See Tanne*, 226 F.R.D. at 667.  Additionally, a court should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified.  *Id*.

ASHERS meets the adequacy requirements for Rule 23.  First, ASHERS has the largest financial stake in the litigation which supports its willingness to vigorously represent the Putative Class.  ASHERS's interests are in line with those of other class members because all class members purchased OSI Systems securities due to Defendants' alleged misrepresentations and omissions.  Also, ASHERS is a sophisticated institutional investor, giving it the ability to effectively supervise and monitor counsel.  Likewise, no evidence suggests that ASHERS's chosen counsel is incapable or unqualified.  By meeting the requirements of steps one and two under *Cavanaugh*, ASHERS is the presumptive lead plaintiff in this action.

*Third*, the final requirement under the PSLRA is met.  This requirement requires the court "to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfied Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730.  Here, no other plaintiffs have rebutted ASHERS's status as lead plaintiff; in fact, the other movants support ASHERS's status as lead plaintiff. Both Mr. Ng and the Pension Plans have indicated their non-opposition to ASHERS's appointment as lead plaintiff.  Therefore, ASHERS's showing of typicality and adequacy has not been challenged.

Accordingly, the Court appoints ASHERS as lead plaintiff in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV-13-09174-MWF (VKBx)**          **Date:  March 17, 2014**
Title:       Mark Roberti -*v*- OSI Systems, Inc., et al.

### ASHERS's Selection of Lead Counsel

Pursuant to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(v).  "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."  *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (noting that the district court does not have the authority to choose lead counsel).  Ultimately, a district court may only approve or disapprove a lead plaintiff's choice of counsel, and disapproval is only warranted when a there is evidence that suggests there was a lack of a good faith selection and negotiation process between lead plaintiff and lead counsel.  *See id.*  A court should not disturb a lead plaintiff's choice of counsel unless it is necessary to protect the class, because the PSLRA has a strong presumption that a properly selected lead plaintiff is most capable of selecting lead counsel.  *Cavanaugh*, 306 F.3d at 734 n.14.

Here, ASHERS has selected Bernstein Litowitz as lead counsel.  (Docket No. 16).  Bernstein Litowitz is an experienced securities class action law firm.  (Nicholas Decl. Ex. D).  As indicated in the Nicholas Declaration, it has litigated large and complex securities class action cases.  (*Id.*).  Further, evidence undermining Bernstein Litowitz's ability to effectively represent the Putative Class has not been presented.  As ASHERS is a sophisticated institutional investor with a large financial interest in the outcome of this case, the Court has no reason to doubt that ASHERS has selected counsel that will properly represent all Putative Class members.

Accordingly, Motion A is **GRANTED** and Motion B is **DENIED**.

IT IS SO ORDERED.