UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-09174 MWF (MRW)                           Date:  December 8, 2015
Title:     Mark Roberti -v- OSI Systems, Inc. et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION [84]; LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES [85]

Before the Court are Lead Plaintiff Arkansas State Highway Employees Retirement System's Motion for Final Approval of Class Action Settlement and Plan of Allocation ("Motion for Final Approval") (Docket No. 84) and Motion for Award of Attorney's Fees and Reimbursement of Litigation Expenses ("Motion for Attorney's Fees") (Docket No. 85), both filed on November 2, 2015.  No objections to either Motion have been filed with the Court.  On November 30, 2015, Lead Plaintiff filed a Reply in support of both Motions ("Reply") (Docket No. 88).

On December 7, 2015, the Court held a Settlement Hearing.  Having reviewed and considered the briefs and oral argument at the hearing, the Court **GRANTS** the Motion for Final Approval.  The proposed Settlement and Plan of Allocation are fair, reasonable, and adequate to serve the interests of the Settlement Class members.  The Court also **GRANTS** the Motion for Attorney's Fees.  The attorney's fees and litigation expenses sought are also reasonable to compensate Lead Counsel fairly.

---

| CIVIL MINUTES—GENERAL | 1 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-09174 MWF (MRW)                    Date:  December 8, 2015
Title:     Mark Roberti -*v*- OSI Systems, Inc. et al.

## I.  BACKGROUND

### A. Procedural History

On December 12, 2013, Plaintiff Mark Roberti initiated a federal securities class action on behalf of a putative class consisting of all persons other than Defendants who purchased or otherwise acquired OSI Systems, Inc. ("OSI") securities between January 24, 2012, and December 6, 2013, both dates inclusive. (Docket No. 1, ¶ 1).  The Complaint sought recovery for damages caused by Defendants' violations of federal securities laws and to pursue remedies under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.  (*Id.*).

Defendant produces medical monitoring and anesthesia systems, security and inspection systems, and lasers, optics, and optoelectronic components.  (*Id.* ¶ 2).  One of OSI's largest customers is the United States Department of Homeland Security ("DHS") and the Transportation Security Administration ("TSA"), who use OSI's security imaging products at security checkpoints and screenings in United States airports.  (*Id.* ¶ 3).  According to the Complaint, "Defendants made materially false and misleading statements regarding [OSI's] business, operational and compliance policies."  (*Id.* ¶ 4).  After these materially false and misleading statements were revealed by various news sources, the market value of OSI securities suffered a precipitous decline, thereby injuring the financial interest of putative class members holding OSI securities.  (*Id.* ¶¶ 5–13).

On March 17, 2014, the Court granted Plaintiff Arkansas State Highway Employees Retirement System's Motion for Appointment of Counsel and Appointment as Lead Plaintiff.  (Docket No. 35).  On May 20, 2014, Lead Plaintiff filed a First Amended Complaint ("FAC").  (FAC, Docket No. 44).  The FAC provided additional details behind OSI's allegedly materially false and misleading statements concerning OSI's development of software to transform "naked body" images to more generic images of travelers undergoing security screening.  (*Id.* ¶ 3).  The FAC also alleged additional materially false and misleading statements regarding the financial health of OSI.  (*Id.* ¶ 11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-09174 MWF (MRW)                    Date:  December 8, 2015
Title:   Mark Roberti -*v*- OSI Systems, Inc. et al.

On August 29, 2014, Defendants filed a Motion to Dismiss Plaintiff's Amended Class Action Complaint. (Docket No. 51). On February 27, 2015, the Court issued an Order denying Defendants' Motion to Dismiss. (Docket No. 60).

On June 30, 2015, Lead Plaintiff filed a Motion to Certify Class. (Docket No. 74). On August 21, 2015, however, Lead Plaintiff filed an Ex Parte Application for Preliminary Approval of Class Action Settlement. (Docket No. 80). The Court issued an Order preliminarily approving the proposed settlement and setting a Settlement Hearing for December 7, 2015. (Docket No. 82). On November 2, 2015, Lead Plaintiff filed a Motion for Final Approval of Class Action Settlement and Plan of Allocation. (*See generally* Motion for Final Approval). On the same day, Lead Plaintiff also filed a Motion for Attorney's Fees and Reimbursement of Litigation Expenses. (*See generally* Motion for Attorney's Fees). On November 30, 2015, Lead Plaintiff filed a Reply with an accompanying Notice of Non-Opposition to both the Motion for Final Approval and Motion for Attorney's Fees. (*See generally* Reply).

### B. Settlement

The Settlement applies to the Settlement Class, as defined as: "All persons and entities that purchased or otherwise acquired OSI common stock between January 24, 2012, and December 6, 2013, inclusive, and were damaged thereby." (Motion for Final Approval at 1 n.2). Expressly excluded from the Settlement Class are Defendants and their related persons, as well as "putative Settlement Class Members that exclude themselves by submitting a request for exclusion." (Stipulation and Agreement of Settlement, Docket No. 81 Ex. 1, at 17).

Under the Settlement, Defendant shall make a total payment of $15 million in cash to be held in escrow. (*Id.* at 11, 17). This amount, with interest, will cover taxes, notice and administration costs, any litigation expenses awarded by the Court, and any attorney's fees awarded by the Court. (*Id.* at 23). The balance remaining shall be distributed to authorized Settlement Class Members with valid claims as determined by the Claims Administrator. (*Id.* 23, 28–29). In return, Settlement Class Members agree to release claims "that are based upon, arise from, are in connection with, or relate to: (a) Lead Plaintiff's or the Settlement Class's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-09174 MWF (MRW)                              Date:  December 8, 2015
Title:     Mark Roberti -v- OSI Systems, Inc. et al.

purchase, acquisition or sale of OSI common stock for the time period between January 24, 2012, and December 6, 2013, inclusive; (b) the subject matter of the Action for the time period between January 24, 2012, and December 6, 2013, inclusive; or (c) the facts alleged or that could have been alleged in any complaint for the time period between January 24, 2012, and December 6, 2013, inclusive." (*Id.* at 15–16).  Pursuant to the Settlement, Lead Counsel moved for attorney's fees and litigation expenses.  (*See generally* Motion for Attorney's Fees).

### C. Notice and Response

Notice was sent to the Settlement Class members pursuant to the method approved by the Court.  "Lead Plaintiff, through the Claims Administrator, disseminated over 35,407 copies of the Court-approved Notice to potential Settlement Class members and their nominees who could be identified with reasonable effort."  (Motion for Final Approval at 22).  In addition, the Court-approved Summary Notice was published in the *Investor's Business Daily* and *PR Newswire* on September 24, 2015.  (*Id.*).  Information regarding the Settlement was also made available through a toll-free telephone number, posted on the website created by the Claims Administrator specifically for this Settlement, and on Lead Counsel's website.  (*Id.*).  To date, the Court has received only two letters indicating that the notices to Rock Creek MB, LLC and Credit Suisse First Boston Corporation could not be delivered.

The Settlement Class members had until November 16, 2015, to object to the proposed Settlement and Plan of Allocation or request that they be excluded from the Settlement Class.  (Reply at 2).  As of November 30, 2015, no objections have been received by the Claims Administrator or filed with the Court.  (*Id.*).  Furthermore, only one individual has requested exclusion.  (*Id.* n.2).  This individual indicated that he bought, and sold for a profit, a total of 600 shares during the relevant time period.  (*Id.*).

## II.   LEGAL STANDARD

Before approving a class-action settlement, Rule 23 of the Federal Rules of Civil Procedure requires the Court to determine whether the proposed settlement is

---

**CIVIL MINUTES—GENERAL**                                                                4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

| | |
|---|---|
| Case No.   CV-13-09174 MWF (MRW) | Date:  December 8, 2015 |
| Title:       Mark Roberti -v- OSI Systems, Inc. et al. | |

fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: [1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted) (applying the factors announced in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

"The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton*, 327 F.3d at 960 (quoting *Hanlon*, 150 F.3d at 1026). "The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship*, Nos. C–96–3008 DLJ, C–97–0203 DLJ, C–97–0425 DLJ, C–97–0457 DLJ, 1997 WL 450064, *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234, 1234 (9th Cir. 1998).

"In addition, the settlement may not be the product of collusion among the negotiating parties." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-09174 MWF (MRW)               Date:  December 8, 2015
Title:       Mark Roberti -v- OSI Systems, Inc. et al.

### III. DISCUSSION

#### D. Final Approval of Class Action Settlement and Plan of Allocation

The proposed Settlement is the outcome of an arms-length negotiation conducted with the help of Judge Layn R. Phillips (Ret.) acting as mediator. (Motion at 6). The parties participated in a full-day mediation on June 12, 2015. (*Id.*). The parties did not reach agreement at the conclusion of that session, but Judge Phillips conducted further negotiations over the course of the next 1.5 months. (*Id.*). The parties eventually agreed to settle the action following Judge Phillips' double-blind Mediator's Recommendation of $15 million, which the parties accepted. (*Id.* at 6–7). "The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *Satchell v. Fed. Express Corp.*, No. C 03 2878 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007). The Court is satisfied that the proposed Settlement is not the product of collusion between the parties. The arms-length nature of the negotiation resulting in the proposed Settlement supports final approval.

Furthermore, the *Hanlon* factors listed above also favor final approval of the proposed Settlement.

##### 1. Strength of Plaintiff's case and risk, expense, complexity, and likely duration of further litigation

Lead Plaintiff argues that its case is strong but entails risks. Specifically, Lead Plaintiff points to several defenses mounted by Defendants that include, among others (1) the allegedly false statements were nonactionable puffery or statements of corporate optimism, (2) the allegedly false statements were technically true, and (3) Lead Plaintiff would be unable to disaggregate the losses caused by Defendants' allegedly wrongful conduct from losses caused by other non-actionable factors. (Motion at 9–10). Furthermore, Lead Plaintiff's case is complicated, if not hindered, by the complex contractual arrangement between OSI and the TSA as well as the TSA's assertion that certain requested discovery cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV-13-09174 MWF (MRW) | Date:  December 8, 2015 |
| Title:   Mark Roberti -v- OSI Systems, Inc. et al. | |

be produced because they are Sensitive Security Information.  (*Id.*).  Defendant has strongly defended this case, including filing a motion to dismiss.  Judge Phillips has also observed that "[c]ounsel for both parties presented significant arguments regarding their clients' positions, and it was apparent to me that both sides possessed strong, non-frivolous arguments, and that neither side was assured of victory."  (Declaration of Layn R. Phillips ("Phillips Decl."), Docket No. 86-5, ¶ 7).

To ultimately prevail, Lead Plaintiff would need to prevail at several stages—class certification, summary judgment, trial, and perhaps even on appeal.  Absent a settlement, the parties could incur additional costs in conducting further discovery, completing briefing on the pending motion for class certification, briefing on cross-motions for summary judgments, preparing for trial, and conducting trial.

In light of these considerations, the uncertainties, risks, and additional costs inherent to further litigation weigh in favor of granting final approval of the proposed Settlement.

### 2. Risk of maintaining class action status throughout the trial

As discussed above, Lead Plaintiff's Motion to Certify Class is pending before the Court.  Because the Settlement avoids the uncertainty with respect to class certification, this factor weighs in favor of final approval.

### 3. Amount offered in settlement

The Court concludes that the $15 million offered in the Settlement is reasonable.  Lead Counsel's consultant estimated that the potential maximum recoverable damages in this case, assuming that Lead Plaintiff prevails on all claims, would be at most $170 million.  (Motion at 13–14).  However, if "Defendants proved that their alleged misstatements about the baggage scanners were not false, damages could be reduced to $76 million."  (Motion at 14).  Furthermore, if Defendants succeeded on their defense that certain announcements did not constitute corrective disclosures, damages could be eliminated entirely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-09174 MWF (MRW)                         Date:  December 8, 2015
Title:     Mark Roberti -*v*- OSI Systems, Inc. et al.

(*Id.*).  Therefore, the Settlement amount is reasonable in light of the anticipated risks in further litigation.  *Cf. Officers for Justice*, 688 F.2d at 628 ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair.").  The adequacy of this amount is reinforced by the fact that the amount was originally recommended by Judge Phillips, an objective and informed third-party during the mediation process.

The Plan of Allocation is likewise reasonable.  Here, Lead Plaintiff hired a consultant to develop the plan to allocate the Settlement proceeds.  (Motion at 21).  The proposed Plan of Allocation distributes the settlement proceeds on a *pro rata* basis, calculating a claimant's relative loss proximately caused by Defendants' allegedly wrongful conduct, based on factors such as when and at what prices the claimant purchased and sold OSI common stock.  (*Id.*).  *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008) ("It is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits.").

In developing the Plan of Allocation, the consultant calculated the artificial inflation caused by Defendants' allegedly wrongful conduct, considering the declines on OSI's common stock price following the four alleged corrective disclosures that revealed the alleged truth to investors.  (*Id.*).  The consultant also performed an event study to control for other noise and to determine whether the price decline is statistically significant.  (*Id.*).  The Plan of Allocation was described in detail in the notice sent to potential Settlement Class members.  As discussed above, no objections to the Plan of Allocation or the proposed Settlement have been received by the Claims Administrator or submitted to the Court.

Accordingly, this factor weighs in favor of granting final approval.

### 4. Extent of discovery completed and stage of the proceedings

This factor requires the Court to evaluate whether "the parties have sufficient information to make an informed decision about settlement." *Linney*, 151 F.3d at 1239.  Lead Counsel has sufficiently developed the record by, *inter*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-13-09174 MWF (MRW) | Date: December 8, 2015 |
| Title: Mark Roberti -v- OSI Systems, Inc. et al. | |

*alia*, (1) performing in-depth review and analysis of OSI's public filings, press releases, news articles, transcripts from earning's calls and investor conferences, and other pricing and trading data concerning OSI common stock; (2) investigating and interviewing potential percipient witnesses such as former OSI employees; (3) consulting with economic and accounting experts; (4) serving and responding to discovery requests; (5) serving Freedom of Information Act ("FOIA") requests on TSA and DHS; (6) reviewing discovery and FOIA responses and production; and (7) preparing the motion for class certification, including an expert report. (Motion at 15–17). Based on the above, the Court concludes that the parties have engaged in sufficient investigation to make an informed decision about settlement. Accordingly, this factor weighs in favor of granting final approval.

### 5. Experience and views of Lead Counsel

Both Lead Counsel and Defendants' counsel are skilled and well-respected in their field of litigation. (Motion at 18–19). Judge Phillips has also praised counsel for their "effort, creativity, and zeal." (Phillips Decl. ¶ 14). Lead Counsel, Lead Plaintiff (as a sophisticated institutional investor), and Defendants' counsel endorse the Settlement as fair, reasonable, and adequate. (Motion at 19–20). Accordingly, this factor weighs in favor of granting final approval.

### 6. Reaction of the class members to the proposed settlement

As discussed above, approximately 35,407 notices were sent. Only one person (who suffered no financial injury) has opted out of the settlement, and no one has objected to the settlement. "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomm'cns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004). After receiving notice of the proposed Settlement, the Settlement Class has been entirely silent. By any standard, the lack of objection favors final approval. *See, e.g., Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 45 objections out of 90,000 notices sent).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-09174 MWF (MRW)                    Date:  December 8, 2015
Title:        Mark Roberti -v- OSI Systems, Inc. et al.

Based on the *Hanlon* factors, the Court concludes that the Settlement and Plan of Allocation are reasonable, fair, and adequate.

### E. Attorney's Fees and Reimbursement of Litigation Expenses

In the Ninth Circuit, there are two primary methods to calculate attorney's fees: the lodestar method and the percentage-of-recovery method.  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) (citation omitted).  "The lodestar method requires 'multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'"  *Id.* (citation omitted).

"Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%."  *Id.* (citation omitted).  However, the "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors."  *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).  An assessment of the reasonableness of the fee request is to be determined by consideration of multiple factors.  "The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases."  *Martin v. Ameripride Services, Inc.*, No. 08cv440–MMA (JMA), 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, at 1048–50 (9th Cir. 2002)).  The choice of "the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case."  *Vizcaino*, 290 F.3d at 1048.

Here, the factors listed above all favor of approving Lead Counsel's request for attorney's fees:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES—GENERAL**

Case No.   CV-13-09174 MWF (MRW)                              Date:  December 8, 2015
Title:        Mark Roberti -v- OSI Systems, Inc. et al.

*As to the first and second factors*, as discussed, the risks of continued litigation are substantial.  Defendants' vigorous opposition to this case, including filing a motion to dismiss, raised numerous significant defenses to the claims presented.

*As to the third factor*, the skill required from Lead Counsel in this case was high, given the nature of the claims at issue and the quality of work performed by opposing counsel.

*As to the fourth factor*, Lead Counsel took this case on a contingent fee basis and therefore has not received any payment to date for their efforts in prosecuting these actions.  Lead Counsel has also fronted $130,205.34 in costs.

*As to the fifth factor*, Lead Counsel invested nearly 2,500 of attorney and staff hours on this case during the course of two years.

*As to the sixth factor*, the percentage of the Settlement that Lead Counsel seeks is 20%, which is slightly below the benchmark of 25% established by the Ninth Circuit.  This is reasonable given that, in most common fund cases, the award exceeds that benchmark.  *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) (surveying securities cases nationwide and noting "[t]his court's review of recent reported cases discloses that nearly all common fund awards range around 30% . . ."); *see also In re Ikon Office Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("The median in class actions is approximately twenty-five percent, but awards of thirty percent are not uncommon in securities class actions.").  The *Activision* court concluded that, where a court adopts the percentage method, "absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%." 723 F. Supp. at 1378.  The awards in other similar cases involving securities class action therefore support an award of 20% of the Settlement, and there is no evidence of extraordinary circumstances that suggest reasons to lower or increase the percentage.

The reasonableness of this amount is confirmed by a cross-check with a lodestar comparison.  *Vizcaino*, 290 F.3d at 1050–51.  Lead Counsel provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-13-09174 MWF (MRW)                    Date:  December 8, 2015
Title:     Mark Roberti -*v*- OSI Systems, Inc. et al.

documentation as to the hours each of them billed in this litigation, and they have devoted 2,492.25 hours to this action. (Motion for Attorney's Fees at 16). The Court agrees this amount is reasonable given the length of the case and the issues involved. Moreover, Lead Counsel's attorney rates—between $525 to $975—are reasonable given that each has at least 15 years of litigation experience (upwards of over 40 years of litigation experience), with the exception of Matthew Jubenville, the day-to-day litigation associate. (Docket No. 86-1, Ex. 4). These rates are also the same or comparable with rates submitted by Lead Counsel for lodestar cross-checks in other securities class action litigation for fee applications that have been granted, including in this Circuit. (Motion for Attorney's Fees at 16). Multiplying the hours by the rates documented results in a lodestar of $1.36 million. (*Id.*). The Court's $3 million fee award represents a multiplier of less than 2.2 of Lead Counsel's total lodestar, which is well within the range of acceptable multipliers in a common fund case. *See Vizcaino*, 290 F.3d at 1051 n.6 (noting that the majority of fee awards are 1.5 to 3 times higher than lodestar).

The Motion for Attorney's Fees also seeks to recover $130,205.34 spent by Lead Counsel in prosecuting this action to date. Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Lead Counsel's expenses are documented in great detail in the accompanying declaration. (Docket No. 86-1, Ex. 4). The expenses relate to service of process, online legal and factual research, travel, experts and consultants, and mediation. (Motion for Attorney's Fees at 17). The bulk of the costs are driven by legal research ($21,203.81), experts/consultants ($86,758.00), and mediation fees ($13,416.67). (*Id.* at 88). Attorneys routinely bill clients for all of these expenses, and it is therefore appropriate for Lead Counsel here to recover these costs from the Settlement. Lead Counsel has also represented that Lead Counsel's firm does not include charges for expense items in the firm's billing rates. (*Id.* at 84).

IV.   CONCLUSION

The Court **GRANTS** the Motion for Final Approval. For the reasons set forth in the Court's Order preliminarily approving the Settlement (Docket No. 82), the Court also **GRANTS** final certification of the Settlement Class. Distribution of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-13-09174 MWF (MRW)					Date:  December 8, 2015
Title:      Mark Roberti -*v*- OSI Systems, Inc. et al.

the Settlement funds to claimants shall be made in accordance with the method outlined in the Plan of Allocation.

The Court also **GRANTS** the Motion for Attorney's Fees.  The Court awards class counsel $130,205.34 in costs and $3 million in fees, based on an award of 20% of the $15 million Settlement.

Consistent with the Court's rulings in this Order, a separate Judgment granting final approval and awarding attorney's fees will issue.

Based on the above, Lead Counsel's pending Motion to Certify Class (Docket No. 74) is hereby **DENIED** *as moot*.

IT IS SO ORDERED.