JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ROBERTI, on behalf of himself and others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>OSI SYSTEMS, INC., DEEPAK CHOPRA, ALAN I. EDRICK, AJAY MEHRA,<br><br>        Defendants. | CASE NO. CV 13-09174-MWF (MRW)<br><br>JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSING CLAIMS |

        Plaintiff and Defendants entered into a class action settlement agreement (the "Settlement Agreement"), signed by all parties and filed with the Court on August 21, 2015.  (Docket No. 81, Ex. 1).  The Court entered an order on September 2, 2015 (the "Preliminary Approval Order"), granting preliminary approval to the Settlement, approving the form and content of the notice of class settlement, ordering dissemination of the notice, providing all Settlement Class Members with an opportunity to either exclude themselves from the Settlement or to object to the

Settlement, and scheduling a Final Approval Hearing for December 7, 2015, at 10:00 a.m. (Docket No. 82).

The Court held a Final Approval Hearing on December 7, 2015, at 10:00 a.m., to determine whether to give final approval to the proposed Settlement and Plan of Allocation.

The Court finds that the Parties have complied with the Preliminary Approval Order, that the Settlement Agreement and Plan of Allocation are fair, adequate, and reasonable, and that the Settlement Agreement and Plan of Allocation should be approved. Accordingly, based on the submissions of the Parties and Settlement Class Members, the testimony at the Final Approval Hearing, the argument of counsel, the lack of comments or objections filed, and the record in this case,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment on the merits be entered as follows:

**1.      Incorporation of Defined Terms and the Settlement Agreement**

The Court, for purposes of this Judgment Granting Final Approval of Class Action Settlement and Dismissing Claims (the "Final Judgment"), adopts the terms and definitions set forth in the Settlement Agreement and Plan of Allocation as modified herein.

**2.      Jurisdiction**

The Court has personal jurisdiction over the Parties and all Settlement Class Members, as well as subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, to settle and release claims as provided in the Settlement Agreement, and to dismiss the Action with prejudice.

**3.      Certification of the Settlement Class**

The Court preliminarily approved certification of the Settlement Class in this Action on September 2, 2015. (Preliminary Approval Order). The Settlement Class is defined as follows:

"All persons and entities that purchased or otherwise acquired OSI common stock between January 24, 2012, and December 6, 2013, inclusive, and were damaged thereby."

Expressly excluded from the Settlement Class are Defendants and their related persons, as well as "putative Settlement Class Members that exclude themselves by submitting a request for exclusion." (Stipulation and Agreement of Settlement, Docket No. 81 Ex. 1, at 17). A list of persons who have timely excluded themselves from the Settlement and who therefore are not bound by this Final Judgment, is attached hereto as Appendix A, which is incorporated herein and made a part hereof for all purposes.

**4.      Adequacy of Representation**

In granting preliminary approval to the Settlement Agreement, the Court previously affirmed the appointment of Plaintiff Arkansas State Highway Employees Retirement System as Lead Plaintiff, and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.

The appointment of Lead Plaintiff and Lead Counsel, respectively, is fully and finally confirmed. The Court finds that Lead Plaintiff and Lead Counsel have fully and adequately represented the Settlement Class for the purposes of entering into and implementing the Settlement Agreement, and have satisfied the requirements of Federal Rule of Civil Procedure 23.

**5.      Settlement Class Notice**

The Court finds, based on the evidence, that the direct mail, print media publication, toll-free telephone number, and website, in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order:

a. Constituted the best practicable notice to the Settlement Class Members under the circumstances of this Action;

b. Was reasonably calculated to apprise Settlement Class Members of (i) the settlement of this class action; (ii) their right to exclude themselves from the

3

Settlement; (iii) their right to any aspect of the Settlement; (iv) their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense); and (v) the binding effect of the Orders and Final Judgment in this Action on all persons who do not request exclusion;

c. Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d. Fully satisfied the requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), the Local Rules of this Court, and any other applicable law.

**6.     Class Action Fairness Act Notice**

The Court finds that Defendants provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715.  (Docket No. 86).

**7.     Settlement Class Findings**

For the purposes of the settlement of this Action, the Court adopts the findings of its Preliminary Approval Order and finds that the requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), the Local Rules of this Court, and any other applicable law have been met.

**8.     Final Settlement and Plan of Allocation Approval**

The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Lead Plaintiff and the Settlement Class, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), and any other applicable law.

## 9. Binding Effect

The terms of the Settlement Agreement and of this Final Judgment shall be forever binding on Plaintiff and all other Settlement Class Members, as well as their heirs, executors, administrators, representatives, agents, successors, and assigns. The terms of this Final Judgment shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action, or are otherwise encompassed by the Release described in the next paragraph of this Final Judgment.

## 10. Release

The Settlement Agreement contains language releasing Defendants from claims "that are based upon, arise from, are in connection with, or relate to: (a) Lead Plaintiff's or the Settlement Class's purchase, acquisition or sale of OSI common stock for the time period between January 24, 2012, and December 6, 2013, inclusive; (b) the subject matter of the Action for the time period between January 24, 2012, and December 6, 2013, inclusive; or (c) the facts alleged or that could have been alleged in any complaint for the time period between January 24, 2012, and December 6, 2013, inclusive."  (Stipulation and Agreement of Settlement, Ex. 1, at 15–16).  The release language contained in the Settlement Agreement is expressly incorporated herein in all respects, is effective as of the date of this Final Judgment, and forever discharges Defendants as set forth therein.  The claims released, pursuant to the Settlement Agreement, will be referred to as the "Released Claims."

## 11. Permanent Injunction

All Settlement Class Members, who have not been timely excluded from the Settlement, are hereby permanently **BARRED AND ENJOINED** from filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory, or

1   other proceeding or order in any jurisdiction based on or relating to the Released

2   Claims.

3       **12.    Enforcement of Settlement**

4       Nothing in this Final Judgment shall preclude any action to enforce the terms

5   of the Settlement Agreement, nor shall anything in this Final Judgment preclude

6   Plaintiff or Settlement Class Members from filing a Claim pursuant to the

7   Settlement, if they are entitled to do so under the terms of the Settlement

8   Agreement.

9       **13.    Attorney's Fees and Reimbursement of Litigation Expenses**

10       The Settlement Agreement provides that this Court has jurisdiction to

11   determine the amount of attorney's fees and the reimbursement of litigation

12   expenses.  The parties reached agreement on the attorney's fees and litigation

13   expenses in the Settlement Agreement.  Lead Counsel filed a Motion for an Award

14   of Attorneys' Fees and Reimbursement of Litigation Expenses, concurrent with the

15   Motion for Final Approval of Class Action Settlement.

16       The Court hereby **AWARDS** attorney's fees in the amount of **$3 million** (*i.e.*,

17   20% of the Settlement Amount), plus interest earned at the same rate and for the

18   same time period as the Settlement Fund, to be paid from the Settlement Fund.

19       The Court also **GRANTS** Lead Counsel's request for reimbursement of Lead

20   Counsel's Litigation Expenses in the amount of **$130,205.34**, plus interest earned at

21   the same rate and for the same time period as the Settlement Fund, to be paid from

22   the Settlement Fund.  The Litigation Expenses incurred by Lead Counsel have been

23   adequately documented and were reasonably incurred for the benefit of the

24   Settlement Class, and the Court finds that the reimbursement of those expenses is

25   justified.

26       Pursuant to Paragraph 19 of the Stipulation, the attorney's fees and litigation

27   expenses awarded above may be paid to Lead Counsel from the Escrow Account

28

1    immediately after entry of this Order, subject to Lead Counsel's obligation to make

2    appropriate refunds or repayments as set forth in Paragraph 19 of the Stipulation.

3    **14.  Retention of Jurisdiction**

4    The Court has jurisdiction to enter this Final Judgment.

5    Without affecting the finality of this Final Judgment, the Court expressly

6    retains exclusive and continuing jurisdiction over the Parties, including the

7    Settlement Class, and all matters relating to the administration, consummation,

8    validity, enforcement, and interpretation of the Settlement Agreement and of this

9    Final Judgment, including, without limitation, for the purpose of:

10    a. enforcing the terms and conditions of the Settlement Agreement and

11    resolving any disputes, claims, or claims for relief that, in whole or in part, are

12    related to or arise out of the Settlement Agreement, and/or this Final Judgment;

13    b. entering such additional orders, if any, as may be necessary or

14    appropriate to protect or effectuate this Final Judgment and the Settlement

15    Agreement (including, without limitation, orders enjoining persons or entities from

16    pursuing any claims against Defendants), or to ensure the fair and orderly

17    administration of the Settlement; and

18    c. entering any other necessary or appropriate orders to protect and

19    effectuate this Court's retention of continuing jurisdiction over the Settlement

20    Agreement, the Parties, and the Settlement Class Members.

21    **15.  No Admissions**

22    Neither this Final Judgment nor the Settlement Agreement (nor any other

23    document referred to herein, nor any action taken to negotiate, effectuate, and

24    implement the Settlement) is, may be construed as, or may be used as an admission

25    or concession by or against Defendants, as to the validity of any claim or any actual

26    or potential fault, wrongdoing, or liability, whatsoever.

27    Additionally, neither the Settlement Agreement, nor any negotiations, actions,

28    or proceedings related to them, shall be offered or received in evidence in any action

or proceedings against Defendants in any court, administrative agency, or other tribunal for any purpose whatsoever, except to enforce the provisions of this Final Judgment and the Settlement Agreement.

This Final Judgment and the Settlement Agreement may be filed and used by Defendants to seek an injunction and to support a defense of *res judicata*, collateral estoppel, estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim as to the Released Claims only.

Settlement Class Members, including Lead Plaintiff, have the right to pursue against Defendants any claims not related to the Released Claims.

### 16. Dismissal of Action

This Action, with respect to the Released Claims, is hereby **DISMISSED** on the merits and with prejudice against Lead Plaintiff and all other Settlement Class Members, without fees or costs to any party, except as otherwise provided in this Judgment and the Court's separate Order issued granting final approval to the proposed Settlement, Plan of Allocation, and request for attorney's fees. (Docket No. 90).

### 17. Modification of the Stipulation and Agreement of Settlement

Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

### 18. Termination of Settlement

If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, (a) this Judgment (other than

Paragraph 15) shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and shall not prejudice the rights of Lead Plaintiff, other Settlement Class Members, and the Defendants; (b) the Parties shall revert to their respective positions in the Action on July 30, 2015; and (c) the balance of the Settlement Fund shall be refunded as provided in further detail in the Stipulation.

**19.    Final Judgment**

This is a Final Judgment disposing of all Released Claims as to all parties. Plaintiff and Class Members may continue to pursue any claims not related to the Released Claims.

DATED:  December 21, 2015.

_____

MICHAEL W. FITZGERALD
United States District Judge

9

1

**Appendix A:**
**List of Settlement Class Members Timely Excluded from Settlement**

2

3  William Montanez

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28